**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY**

| | |
|---|---|
| Tomas Tiriquiz Perez,<br>Byron Fernando Tiriquiz Perez, and<br>Isaias Tiriquiz Perez, on behalf of themselves and a<br>class and collective of similarly situated persons,<br><br><br>       Plaintiff,<br><br><br>   v.<br><br><br><br>Le General Services Inc and<br>Excel Cleaning NY LLC<br>         Defendants. | Case No. 2: 22-CV-4613 _____<br><br>**CLASS/COLLECTIVE<br>ACTION COMPLAINT**<br><br>PLAINTIFFS DEMAND<br>TRIAL BY JURY |

Plaintiffs, Tomas Tiriquiz Perez ("Tomas"), Byron Fernando Tiriquiz Perez ("Byron"), and Isaias Tiriquiz Perez ("Isaias") (collectively "Plaintiffs"), on behalf of themselves and a class and collective of similarly situated persons, by and through their attorneys, Daniel I. Schlade and James M. Dore, complain against Le General Services Inc ("Defendant" or "LGSI") and Excel Cleaning NY LLC ("Defendant" or "ECNL"). LGSI and ECNL may collectively be referred to as "Defendants". In support of this Complaint, Plaintiff states:

<u>**Introduction**</u>

1.     This action seeks redress for Defendants' willful violations of the Fair Labor Standards Act, 29 U.S.C. § 201 et seq. ("FLSA"), as well as violations of the New Jersey labor laws,. In particular, Plaintiffs bring this putative class and collective action to recover stolen overtime wages, whereby Defendants unlawfully engaged in a scheme to deprive scores of employees overtime wages by paying their employees wages from two different entities, one which covered

hours one through forty in the workweek, and the second with covered hours forty-plus; despite the fact that the employees were performing the same work in the same location(s)

## Parties

2.     Plaintiff Tomas is a resident of Queens New York; and he was employed by LGSI and ECNL.

3.     Plaintiff Byron is a resident of Queens New York; and he was employed by LGSI and ECNL.

4.     Plaintiff Isaias is a resident of Queens New York; and he was employed by LGSI and ECNL.

5.     LGSI is a New York Corporation that conducts business in New Jersey.

6.     ECNL is a New York Limited Liability Company that conducts business in New Jersey.

7.     Defendants are both "an enterprise[s] engaged in commerce or in the production of goods for commerce" under 29 USC § 203(s)(1)(A)(i) and (ii) because they have annual gross volume of sales made or business done of at least $500,000; and because they are engaged in interstate commerce or in the production of goods for interstate commerce.  More specifically, Defendants have a unified operation and/or are joint employers of approximately three hundred employees that provide cleaning and sanitation services to multiple businesses on the east coast, including but not limited to businesses located in New Jersey.  Plaintiffs and much of the proposed class spent the majority of their time performing services for HelloFresh, a food manufacturer that markets and sells food in interstate commerce throughout the nation, with a large facility in New Jersey. In light of the fact that Defendants employee in the area of three hundred employees on a full-time basis and pay wages on a full-time basis, Defendants have gross annual revenues of in excess of $1,000,000.00.

**Jurisdiction And Venue**

8.    The Court possesses subject matter jurisdiction over the FLSA claim(s) pursuant to 29 U.S.C. § 216(b) and 28 U.S.C. § 1331 (federal question), and 28 U.S.C. §1337; and supplemental jurisdiction over any related New Jersey state law claim pursuant to 28 U.S.C. § 1367 because all state law claims arise out of the same facts and transactions as the FLSA claim, and they are so related to the federal claims in the action with such original jurisdiction that they form part of the same case or controversy .

9.    Venue is proper in the District of New Jersey because the underlying facts and transactions occurred in or about Totowa, New Jersey.  Specifically, Plaintiffs were primarily employed by Defendants to provide cleaning services at a HelloFresh food manufacturing facility in Totowa, New Jersey; and all work performed by Plaintiffs for Defendants was performed in the state of New Jersey.

**Facts Common To All Claims**

10.    LGSI is an "employer" as that term is defined in Section 203 of the FLSA, because it is a privately owned for-profit entity in the business of providing cleaning and sanitation services.

11.    ECNL is an "employer" as that term is defined in Section 203 of the FLSA, because it is a privately owned for-profit entity in the business of providing cleaning and sanitation services.

12.    Plaintiff Tomas began working for Defendants on or about February 15, 2021 and his last day of work was in or about the beginning of May 2022.

13.    Plaintiff Byron began working for Defendants on or about November 25, 2021 and his last day of work was on or about April 28. 2022.

14.    Plaintiff Isaias began working for Defendants on or about March 16, 2021 and his last day of work was on or about May 27. 2022.

15.     At all times, Plaintiffs held the same position with Defendants, they engaged in cleaning and sanitation services for Defendants' clients.  Plaintiffs spent the vast majority of their time cleaning HelloFresh's facilities in Totowa, New Jersey; but occasionally they would provide cleaning services to other of Defendants' clients.

16.     Plaintiffs averaged fifty to seventy hours per week for Defendants, sometimes more. Plaintiff Tomas was paid $18 per hour.  Plaintiffs Byron and Tomas do not know their exact hourly wage, but the wage was between $15 and $18 per hour.  Plaintiffs and members of the proposed class received their paychecks on a biweekly basis.

17.     At no time did Plaintiffs or members of the proposed class receive time-and-a-half wages for hours worked in excess of forty hours per week.

18.     Rather, Defendants devised a scheme to deprive Plaintiffs and members of the propose class of overtime wages.  Specifically, one entity would pay hours one through forty per week, and the other entity would pay hours forty-one and above.  This scheme gave the impression that Plaintiffs were performing work for two different entities; despite the fact that Plaintiffs were performing virtually all of their work for a single client: HelloFresh.  A sample paychecks from this scheme are attached hereto as Exhibit A.

19.     At least one Plaintiff, Byron, only performed work at HelloFresh, and there is no conceivable reason for him to receive separate paychecks from two different entities.

20.     Plaintiff's wages were not based on the number of jobs performed or completed, nor was it based on the quality or efficiency of their performance; they were merely cleaners performing routine sanitation services.

21.     Defendants have failed to keep proper time records tracking Plaintiffs' time worked; and Defendants' failure and refusal to pay Plaintiff overtime wages for hours worked in excess of forty

(40) hours per week was a willful violation of the FLSA.  Defendant knew or should have known that Plaintiffs and members were entitled to time-and-a-half wages for hours worked in excess of 40 per week, and their willful intent is evidenced by the fact that they would pay one check to Plaintiffs for precisely forty hours per week, and another check for hours in excess of forty per week.

22.     Defendants' willful intent is further evidenced by the fact that no taxes are withheld from Plaintiffs' paychecks.   Defendants operate a large scale business with two hundred-plus employees; and yet they do not withhold taxes from the paychecks, a commonly known practice to even the least sophisticated businesses.

23.     Plaintiffs and members of the proposed class are not independent contractors.  All of their work is supervised; their schedules and pay are dictated by Defendants; and they do not have discretion as to how work is performed; they do not share in profits; they do not possess any of the hallmarks indicative of an independent contractor.  Moreover, if the Plaintiffs were independent contractors, there would be no reason to pay them via two checks

24.     Plaintiffs do not fall into any of the exempt categories under the FLSA and New Jersey labor laws.

**Collective Action Allegations**

25.     Plaintiffs bring this collective action for themselves and all others similarly situated pursuant to 29 U.S.C. § 216(b) to recover unpaid wages, liquidated damages and other damages related to Defendant's violation of the FLSA, including those employees who worked for Defendants in New Jersey and outside of New Jersey (the "Collective Class").

26.     Plaintiffs pursue the requested relief on behalf of the following proposed Collective Class:

All individuals who currently work, or have worked, for Defendants, who have been deprived of overtime wages by virtue of having to received two paychecks from Defendants, one for hours 1-40 in a workweek, and one for all hours in excess of forty hours, plus any other workers who failed to receive overtime wages from Defendants, current or former.

27.     Plaintiffs are a member of the Collective Class they seek to represent, because they were denied all wages earned during their shift by virtue of the fact that they were deprived of overtime wages for all hours worked in excess of forty hours per week.

28.     This action may be properly maintained as a collective action because Plaintiffs and the members of the Collective Class are similarly situated.

29.     Plaintiff estimates that the Collective Class, including both current and former employees over the relevant period, will include at least two hundred members. The precise number of Collective Class Members should be readily available from Defendant's personnel, scheduling, time records, and from input received from the collective members as part of the notice and "opt-in" process provided by 29 U.S.C. § 216(b). Given the composition and size of the Collective Class, its members may be informed of the pendency of this action directly via U.S. mail and/or via electronic mail.

30.     Defendant's unlawful conduct has been widespread, repeated, and consistent.

### Rule 23 Class Allegations

31.     Plaintiffs brings a claim against Defendants for violations of New Jersey's Wage and Hour Laws, § 34:11-56a, *et. seq.*

32.     Plaintiff alleges that they and other workers employed by Defendants in New Jersey consistently worked more than forty hours per week; yet they were never paid time and a half for hours in excess of forty in a workweek; and that Defendants employed a scheme whereby Plaintiffs

and other workers were given two paychecks to avoid paying them their earned overtime wages (the "New Jersey Class").  Plaintiffs allege that the New Jersey Class contains at least two hundred members, and thus the class size is so numerous that joinder of all members is impracticable.

33.     Plaintiffs allege that these policies were applied uniformly to all workers employed by Defendants in the New Jersey Class; and Plaintiffs allege that during the Class period, Defendants were aware of these policies; and that they willfully acted to deprive their workforce of time-and-a-half wages.

34.     As a result of these policies, Defendants violated New Jersey Wage and Hour Laws.

35.     Plaintiffs individually claim damages of at least $400 per week for each week they were employed by Defendants.

36.     Certification of the Class claims as a class action is the most efficient and economical means of resolving the questions of law and fact common to Plaintiffs' claims.  Plaintiffs have standing to seek such relief because of the adverse effects of Defendants payment policies. Without class certification, the same evidence and issues would be subject to re-litigation in a multitude of individual lawsuits with an attendant risk of inconsistent adjudications and conflicting obligations.  Certification of the New Jersey Class is the most efficient and judicious means of presenting the evidence and arguments necessary to resolve such questions for Plaintiffs and the proposed class.

37.     Plaintiffs' claim raises questions of fact and law common to the proposed class, including: how were the employees paid; whether the class members received two paychecks per pay period in order to avoid paying time-and-a-half wages;  hours worked by the employees; rates of pay paid to the employees; and whether Defendants exercised common control and/or a joint employer relationship over Plaintiffs and the proposed class.

38. These common questions of law and fact arise from the same course of events, and each proposed Class Member will make similar legal and factual arguments to prove liability.

39. Plaintiffs are members of the proposed New Jersey Class that they seek to represent; and the relief sought by Plaintiffs is typical of the relief that they will seek on behalf of the proposed class; i.e. compensation for all unpaid hours worked in excess of forty hours in a workweek; and Plaintiffs will fairly and adequately protect the interests of the New Jersey Class. Plaintiffs have each expressly consented to partake in this cause of action, and they understand the responsibilities associated with being class representatives.

## <u>FIRST CAUSE OF ACTION</u>

### (Failure to Pay Overtime Wages In Violation of the FLSA)

40. Plaintiffs incorporate by reference Paragraphs 1-40, as if set forth in full herein for this Paragraph 41.

41. Plaintiffs have consented in writing to be a party to this action pursuant to 29 USC § 216(b).

42. Defendants were joint employers of Plaintiffs/the Collective Class and/or Defendants operated a unified operation to control Plaintiffs'/the Collective Class's work because: (a) Defendants use the same labor pool, including Plaintiffs, to provide services for their clients; (b) Defendants provided the exact same service to their clients through the use of Plaintiffs' labor: cleaning and sanitation services; (c) there was no distinction as to control and supervision over Plaintiffs' labor as between the Defendants; and (d) Defendants share a common purpose: providing cleaning services to their clients.

43. Defendants willfully failed to pay Plaintiffs and the Collective Class overtime wages for hours worked in excess of forty (40) hours per week at a wage rate of one and a half times their regular wage, to which Plaintiffs were entitled under 29 USC § 206(a) in violation of 29 USC § 207(a)(1).

44.     Defendants' violations of the FLSA described herein have been willful and intentional. Defendants have not made a good faith effort to comply with the FLSA with respect to overtime compensation owed to Plaintiffs or the Collective Class.

45.     Due to Defendants' FLSA violations, Plaintiffs and the Collective Class are entitled to recover from Defendants, jointly and severally, their unpaid wages and an equal amount in the form of liquidated damages, as well as reasonable attorneys' fees and costs of the action, including interest pursuant to the FLSA, specifically 29 USC § 216(b).

## SECOND CAUSE OF ACTION

### (Failure to Pay Overtime Wages Under the New Jersey Wage and Hour Law)

46.     Plaintiffs incorporate by reference Paragraphs 1-45, as if set forth in full herein for this Paragraph 46.

47.     NJWHL § 34:11-56a, *et. seq.* requires employers to compensate their employees at a rate not less than one and one-half times their regular rates of pay for any hours in excess of forty in a workweek.

48.     As described above, Defendants are employers within the meaning of the NJWHL, while Plaintiffs and the New Jersey Class are employees within the meaning of the NJWHL.

49.     At all relevant times, Defendant has employed, and/or continues to employ, Plaintiffs and each member of the New Jersey Class within the meaning of New Jersey law.

50.     At all relevant times, Defendants had a willful policy and practice of refusing to pay Plaintiffs time-and-a-half wages for all hours worked in excess of forty hours per workweek.

51.     Per Defendants' policies and procedures, Plaintiffs and members of the New Jersey Class were paid straight time for hours worked in excess of forty hours in a workweek.

52.     New Jersey State Law provides that any work in excess of forty (40) hours in any one workweek shall be compensated at the rate of no less than one and one-half (1.5) times theregular

rate of pay for an employee.  See N.J.S.A. 34:11-56a to 34:11-56a30.

53.    Defendants have violated and, continue to violate, New Jersey State Law.

54.    Due to the Defendants' violations, Plaintiffs, on behalf of themselves and the members of the New Jersey Class, are entitled to recover from Defendants the amount of unpaid overtime wages, plus liquidated damages, attorney's fees and costs.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs, individually and/or on behalf of themselves and all other similarly situated members of the Collective Class and members of the New Jersey Class respectfully request the Court grant the following relief:

A.    Designation of this action as a collective action on behalf of the Collective Class; and prompt issuance of notice pursuant to 29 U.S.C. § 216(b), apprising them of the pendency of this action, and permitting them to assert timely FLSA claims in this action by filing individual Consents to Sue pursuant to 29 U.S.C. § 216(b);

B.    Designation of the action as a class action under Rule 23 on behalf of the New Jersey Class;

C.    Designation of Plaintiffs as representatives for the Collective Class and the New Jersey Class;

D.    Designation of Plaintiffs' counsel as class counsel for the Collective Class and the New Jersey Class;

E.    An injunction against Defendants and their officers, agents, successors, employees, representatives and any and all persons acting in concert with it, as provided by law, from engaging in each of the unlawful practices, policies and patterns set forth herein;

F.    An award of unpaid overtime wages to Plaintiff and the members of the Classes;

G.      An award of liquidated damages to Plaintiff and members of the Classes;

H.      An award of costs and expenses of this action together with reasonable attorneys' and

expert fees to Plaintiff and members of the Classes; and

I.      Such other and further relief as this Court deems just and proper.

## <u>DEMAND FOR TRIAL BY JURY</u>

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff hereby demands

a trial by jury on all questions of fact raised by the complaint.

**Respectfully Submitted**

/s/Daniel I. Schlade
Counsel for Plaintiffs and the Proposed Class
Justicia Laboral, LLC
6232 N. Pulaski, #300
Chicago, IL 60646
773-550-3775
dschlade@justicialaboral.com
danschlade@gmail.com

## CONSENT TO BECOME A PARTY PLAINTIFF

1.      I, Tomas Tiriquiz Perez, consent to sue as a Plaintiff in this action pursuant to the Fair
Labor Standards Act of 1938, as amended, 29 USC § 201, *et. seq.*

2.      During the applicable period, i.e. the three years preceding the filing of this Complaint, I
was an employee of Defendants and was not paid properly for all hours worked.

3.      By my signature below, I hereby authorize counsel to prosecute the claims in my name and
on my behalf, in this action, for Defendants' failure to pay all wages due and owing in
accordance with Federal Law.

_____

Tomas Tiriquiz Perez


Date:  7-16-2022

## CONSENT TO BECOME A PARTY PLAINTIFF

1.   I, Byron Fernando Tiriquiz Perez, consent to sue as a Plaintiff in this action pursuant to the Fair Labor Standards Act of 1938, as amended, 29 USC § 201, *et. seq.*

2.   During the applicable period, i.e. the three years preceding the filing of this Complaint, I was an employee of Defendants and was not paid properly for all hours worked.

3.   By my signature below, I hereby authorize counsel to prosecute the claims in my name and on my behalf, in this action, for Defendants' failure to pay all wages due and owing in accordance with Federal Law.

_____
Byron Fernando Tiriquiz Perez

Date:   7-16-2022

## CONSENT TO BECOME A PARTY PLAINTIFF

1.  I, Isaias Tiriquiz Perez, consent to sue as a Plaintiff in this action pursuant to the Fair Labor Standards Act of 1938, as amended, 29 USC § 201, *et. seq.*

2.  During the applicable period, i.e. the three years preceding the filing of this Complaint, I was an employee of Defendants and was not paid properly for all hours worked.

3.  By my signature below, I hereby authorize counsel to prosecute the claims in my name and on my behalf, in this action, for Defendants' failure to pay all wages due and owing in accordance with Federal Law.

Isaias Tiriquiz Perez

Date:    7-16-2022

## **Local Rule 11.2 Certification**

It is hereby certified that, pursuant to L.Civ.R. 11.2, the matter in controversy is not presently the subject of any other action pending in any court or of an arbitration proceeding to date.  I, Daniel I. Schlade, attorney for Plaintiffs, certify under penalty of perjury that the foregoing is true and correct.

Date: July 16, 2022

_____
Daniel I. Schlade

# EXHIBIT A



**LE GENERAL SERVICES INC**

009394

JPMORGAN CHASE BANK, N.A.
WWW.CHASE.COM
1-2/210

Apr 26, 2022

PAY TO THE
ORDER OF   TOMAS TIRIQUIZ

$   360.00

Three hundred sixty and 00/100

DOLLARS

TOMAS TIRIQUIZ

VOID AFTER 30 DAYS

MEMO   HF TOTOWA 04/10/22 TO 04/23/22

AUTHORIZED SIGNATURE

Security features. Details on back.

---

**EXCEL CLEANING NY LLC**

10541

EXCEL CLEANING NY LLC.

JPMORGAN CHASE BANK, N.A.
WWW.CHASE.COM
1-2/210

Apr 26, 2022

PAY TO THE
ORDER OF   TOMAS TIRIQUIZ

$   1,440.00

One thousand four hundred forty and 00/100

DOLLARS

TOMAS TIRIQUIZ
3415 100th St
CORONA NY 11368

VOID AFTER 30 DAYS

MEMO   HF TOTOWA 04/10/22 TO 04/23/22

AUTHORIZED SIGNATURE

Security features. Details on back.